## 23-11646

# United States Court of Appeals
### *for the*
# Eleventh Circuit

---

NITZA WRIGHT,

*Plaintiff - Appellant,*

versus

CHAIR OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

*Defendant - Appellee.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:22-cv-21090-RNS
(Hon. Robert N. Scola, Jr.)

# INITIAL BRIEF OF APPELLANT

JOSEPH S. HUGHES
HUGHES LAW FIRM
3601 South Ocean Boulevard
Palm Beach, Florida 33480
(413) 687-2093

WILLAN F. JOSEPH
WILLAN FRANKLYN JOSEPH, LLC
22 North Lansdowne Avenue
Lansdowne, Pennsylvania 19050
(610) 259-8900

*Counsel for Plaintiff - Appellant*

*Wright v. Chair of Equal Employment Commission*
23-1164

## CERTIFICATE OF INTERESTED PERSON AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for the Plaintiff-Appellant submits the following Certificate of Interested Persons and Corporate Disclosure Statement pursuant to Rule 26.1 of the FRAP and Rules 26.1-1 and 26.1-2 of the Rules of the United States Court of Appeals for the Eleventh Circuit. Counsel certifies that the following listed persons and parties have an interest in the outcome of this case. These representations are made so the Judges of this Court may evaluate possible disqualification or recusal pursuant to the local rules of this Court.

| | | |
|---|---|---|
| 1. | Charlotte Burrows, Chair of the Equal Employment Opportunity Commission, in her official capacity | Defendant-Appellee |
| 2. | Hughes, Joseph H. | Attorney for Plaintiff-Appellant |
| 3. | Joseph, Willan F. | Attorney for Plaintiff-Appellant |
| 4. | LaPointe, Markenzy | Attorney for Defendant-Appellee |
| 5. | Laux, Zakarij N. | Attorney for Defendant-Appellee |
| 6. | Scola, Robert N. Jr. | Judge, United States District Court |
| 7. | Wright, Nitza | Plaintiff-Appellant |

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSON AND CORPORATE DISCLOSURE STATEMENT ................................................................................C1

STATEMENT REGARDING ORAL ARGUMENT ...................................................i

TABLE OF CONTENTS ........................................................................................ ii

TABLE OF AUTHORITIES..................................................................................... iii

STATEMENT REGARDING ADOPTION ...............................................................iv

STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION.........................................................................................................v

STATEMENT OF THE ISSUES ...............................................................................1

STATEMENT OF THE CASE....................................................................................2

STATEMENT OF FACTS ..........................................................................................4

STANDARD OF REVIEW ......................................................................................12

SUMMARY OF THE ARGUMENT ......................................................................13

ARGUMENT ...........................................................................................................14

    I.    The District Court Abused its Discretion When it Dismissed the Second Amended Complaint With Prejudice, as the Second Amended Complaint Is Not a "Shotgun" Pleading..............................14

CONCLUSION .......................................................................................................19

# TABLE OF AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................15

*Barmapov v. Amuial*,
986 F.3d 1321 (11th Cir. 2021) ...............................................................15

*Betty K Agencies, LTD v. M/V Monada*,
432 F.3d 1333 (11th Cir. 2005) ...............................................................12

*Byrne v. Nezhat*,
261 F.3d 1075 (11th Cir. 2001) ...............................................................15

*Jackson v. Bank of America*,
898 F.3d 1348 (2018) ...........................................................................16

*Vibe Micro, Inc. v. Shabanets*,
878 F.3d 1291 (11th Cir. 2018) ...............................................................12

*Weiland v. Palm Beach County Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) ............................................. 12, 14, 18

*Weinstein v. City of N. Bay Village*,
977 F. Supp. 2d 1271 (S.D. Fla. 2013) ...................................................15

*Wilchombe v. TeeVee Toons, Inc.*,
555 F.3d 949 (11th Cir. 2009) ...............................................................15

**Statutes & Other Authorities:**

42 U.S.C. §§ 2000(e) ....................................................................... 10, 17

5 U.S.C. § 6329b(b) ...........................................................................17

Fed. R. Civ. P. 8(a) ...........................................................................3, 14

Fed. R. Civ. P. 810(b) ........................................................................3, 14

29 C.F.R. § 1614.107(a)(5) ..................................................................11

## STATEMENT REGARDING ADOPTION

Appellant does not adopt by reference any brief of any other party, as there is only one appellant and only one appellee.

**STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION**

The Court has personal jurisdiction over Plaintiff-Appellant pursuant to the Federal Rules of Appellate Procedure, Rule 3, as Plaintiff-Appellant timely filed a notice of appeal with the District Clerk of the United States District Court for the Southern District of Florida (Miami) ("District Court"). (Doc. No. 49). All parties are, and were, residents of the State of Florida at all relevant times. Additionally, the acts, omissions, or transactions alleged herein occurred in the State of Florida.

The District Court entered an order on April 17, 2013 in which it granted Plaintiff-Appellant's amended complaint with prejudice as a "shotgun pleading." (Doc. No. 48).

The District Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 451, 1331, and 1343, as Appellant alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Fifth Amendment to the United States Constitution.

An express grant of federal court jurisdiction is found in Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17.

## STATEMENT OF THE ISSUES

1. Whether the District Court abused its discretion when it dismissed the second amended complaint, with prejudice, as a "shotgun pleading."

## STATEMENT OF THE CASE

Plaintiff-Appellant Nitza Wright ("Ms. Wright") properly filed her complaint against Charlotte Burrows (named in her capacity as the current chair of the United States Equal Employment Opportunity Commission ("EEOC"), Ms. Wright's (now former) employer). (Doc. 1).

Defendant-Appellee EEOC[1] filed a motion to dismiss the complaint on September 19, 2022. (Doc. 28). On October 10, 2022, Ms. Wright filed a first amended complaint (Doc. 29), and the District Court subsequently denied the EEOC's motion to dismiss as moot via a paperless order on October 17, 2022. (Doc. 30). On October 24, 2022, the EEOC filed a motion to dismiss the first amended complaint. (Doc. 31). On November 11, 2022, Ms. Wright filed a response in opposition to the EEOC's motion to dismiss the first amended complaint. (Doc. 36). The EEOC filed a reply in additional support of its motion to dismiss on November 14, 2022. (Doc. 37).

On November 15, 2022, the District Court entered an order granting the EEOC's motion to dismiss for lack of jurisdiction and ordered that a second amended complaint would be due by December 13, 2022. (Doc. 38).

---

[1] Hereinafter "the EEOC" or "The EEOC."

Ms. Wright timely filed the second amended complaint (the operative complaint) on December 13, 2022. (Doc. 40). The EEOC filed a motion to dismiss the second amended complaint on January 13, 2023. (Doc. 43).

On February 3, 2023, Ms. Wright filed a response in opposition to the EEOC's motion to dismiss the second amended complaint. (Doc. 46). The EEOC filed a reply in additional support of its motion to dismiss the second amended complaint on February 8, 2023. (Doc. 47).

On April 17, 2023, the District Court entered an order granting the EEOC's motion to dismiss the second amended complaint, with prejudice, pursuant to Fed. R. Civ. P. 8(a) and 10(b).[2] (Doc. 48). Ms. Wright timely filed a notice of appeal on May 12, 2023. (Doc. 49).

---

[2] Fed. R. Civ. P. shall be referred to as "Rule" or "Rules" hereinafter.

## STATEMENT OF FACTS

Ms. Wright relies on the relevant facts as set forth in the second amended complaint, which is incorporated by reference.

Ms. Wright, a Hispanic female, is a resident of Broward County, Florida. (Doc. 40, page 2). Prior to the events complained of in the second amended complaint, Ms. Wright's federal employment spanned over three decades, and her record was discipline-free. (Doc. 40, page 2). Beginning in 2009 and at all relevant times thereafter, Ms. Wright was employed as the Supervisory Enforcement Manager in the Miami District Office ("MIDO") of the EEOC. (Doc. 40, page 2). Ms. Wright brought action against the EEOC for two retaliatory actions by the EEOC. (Doc. 40, page 3). The first was a discriminatory proposed removal from employment, and the second was a concurrent purported involuntary "paid administrative leave" that was tantamount to premature dismissal from employment, and which was carried out without due process. (Doc. 40, page 3).

In the second amended complaint, Ms. Wright alleges that she had previously reported to EEOC management, as early as 2016, that EEOC employee Katherine Gonzalez had been engaging in sexual misconduct in the workplace (Doc 40, page 8). Ms. Wright had also encouraged Robert Tom and Mario Hernandez to file complaints and had testified on their behalf in connection with those complaints of

sexual harassment by Katherine Gonzalez. (Doc. 40, page 9). These complaints led to civil actions filed against the EEOC in the District Court (Doc. 40, page 10).

Ms. Wright also alleged in the second amended complaint that numerous EEOC employees in positions of power, including Thomas Colclough (the person who issued the notice of proposed removal that is the subject of this action), the chair of the EEOC, Nicholas Inzeo, and Rosa Viramontes, were aware of her history of complaints pertaining to misconduct in the workplace. (Doc. 40, page 11).

Indeed, Ms. Wright had experienced, and previously formally complained of, retaliatory action against her by Michael Farrell, the director of the MIDO, which consisted of, among other things, the removal of Ms. Wright's supervisory duties and prohibiting her from having meetings with her subordinates. (Doc. 40, page 10). This complaint, which Ms. Wright filed in 2018, resulted in an investigation by the EEOC that was memorialized in a Climate Assessment and Recommendations ("CAR"), dated June 19, 2019. (Doc. 40, page 9). The CAR was significant for two reasons: (1) it found that "cause" existed with respect to five of the six issues identified in Ms. Wright's complaint (Doc. 40, page 10); and (2) the CAR was a document of which EEOC management was aware (Doc. 40, page 11).

Among the recommendations in the CAR were the termination of Ms. Wright or providing her with a change in classification to GS-15 and paying into her retirement fund an amount equal to the difference between the GS-14 contribution

and the GS-15 contribution. (Doc. 40, pages 11-12). These recommendations were inconsistent with the findings of "cause" for five of the six issues identified by Ms. Wright in her complaint. (Doc. 40, page 11).

A Final Agency Decision, dated March 20, 2020, was issued to Ms. Wright in connection with her 2018-0025 complaint. (Doc. 40-2).

Just two months later, on May 27, 2020, the EEOC served Ms. Wright with a notice of proposed removal ("NOPR") from her position as GS-14, Enforcement Manager in the MIDO, and from the federal service. (Doc. 40, page 3). The NOPR specifically stated that it was "not a final decision" but that if the proposal was taken, it would "become effective no sooner than thirty (30) calendar days from [Ms. Wright's] receipt of the proposal pursuant to EEOC Order 570.001." (Doc. 40, page 3). It also stated unequivocally that Ms. Wright would "remain in active-duty status during this advance [30-day] period." (Doc. 40, page 4).

However, two days later, on May 29, 2020, Ms. Wright's job at MIDO was posted as "vacant." (Doc. 40, page 8). Two weeks later, she was placed on involuntary "administrative leave." (Doc. 40, pages 3-4).

The NOPR indicated that Ms. Wright had fifteen (15) days to respond to it. (Doc. 40, page 4). It also recited her entitlement to examine all materials upon which the proposing official relied when issuing the NOPR. (Doc. 40, page 4). Ms. Wright

promptly contacted the proposing official, Thomas Colclough, and requested copies of the documents that he had been given. (Doc. 40, page 4).

In terms of documentary evidence (or lack thereof) that would support the issuance of a NOPR, there were significant discrepancies between what one EEOC employee stated had been provided to Colclough and what Colclough stated had served as the documentary basis for the NOPR. (Doc. 40, pages 4-7). Specifically, Rosa Viramontes stated that she had provided five documents to Colclough: (1) the Final Agency Decision denying Ms. Wright's 2018 complaint (2018-0025); (2) an affidavit from Alyssa Keene, an employee who had been interviewed in connection with a complaint filed by Haidy Elshater ("Elshater"); (3) an email from Office of Equal Opportunity Director Stan Pietrusiak dated five days prior to the NOPR; (4) a copy of a Notice of Acceptance, dated January 16, 2020, confirming which of the issues complained of by Elshater had been accepted by the EEOC for investigation; and (5) a redacted affidavit by Elshater. (Doc. 40, pages 5-6). In contrast, Colclough only claimed to have reviewed: (1) the Climate Assessment and Recommendations; (2) an "investigation report" prepared by Yolanda Owens, the Director of Labor and Employee Relations; (3) the January 16, 2020 Notice of Acceptance; and (4) the redacted Elshater Affidavit. (Doc. 40, pages 6-7).

Notwithstanding that more than one EEOC employee confirmed that Viramontes sent the five documents she described, Colclough denied that he

received all of those documents. (Doc. 40, page 6). Additionally, although he averred in an affidavit that he had relied on only the Notice of Acceptance and the Elshater Affidavit, the NOPR contained details about Ms. Wright that were not contained in either of those documents. (Doc. 40, page 7). Mr. Colclough also admitted that before he received any documents at all in connection with the NOPR, he had received a call from Nicholas Inzeo informing him that the former EEOC Chair's office was working on a proposed removal action, and in which Inzeo asked Colclough if he had any concerns about issuing the proposed removal. (Doc. 40, page 7). Colclough had the discretion to request and review additional evidence besides the Elshater Affidavit, but declined to make such a request. (Doc. 40, page 7). Mr. Colclough also submitted sworn testimony that he was under no obligation to provide due process to Ms. Wright. (Doc. 40, page 7).

Ms. Wright alleged, in the second amended complaint, that there was no corroborating support for Elshater's claims. (Doc. 40, page 5). Ms. Wright also submitted a rebuttal affidavit in which she denied Elshater's contentions, but this affidavit was not provided to Colclough. (Doc. 40, page 5).

The NOA, which Colclough admits having received, contains a finding that Elshater's attempt to amend her complaint to include allegations of events that purportedly occurred prior to March 2018 was denied, and that only the time period

of March 2018 through September 2018 would be approved for investigation by the EEOC (Doc. 10, page 6).

However, the NOPR contains allegations that predate September 2018. (Doc. 40, page 6). The NOPR is grounded on bogus claims that Ms. Wright purportedly obligated Elshater to function as a private taxi service for her and Elshater's first-line supervisor, and that she purportedly engaged in Christian proselytization. (Doc. 40, page 2). However, it is clear that Colclough was not in possession of Ms. Wright's rebuttal affidavit and declined to request or review any other exculpatory material. (Doc. 40, page 5). In light of the evidence that other EEOC management had changed their behavior toward Ms. Wright after she began complaining about sexual misconduct (Doc. 40, page 10), and had stated intentions to fire her or propose her removal even before the Elshater Affidavit had been complete (Doc. 40, page 7), Colclough's statement that he did not need to provide due process to Ms. Wright (Doc. 40, page 7) is significant.

Before her appeal from the NOPR was decided, and before the investigation into Elshater's administrative action against her first-level supervisors and before Ms. Wright, her second-level supervisor, had concluded, the EEOC banned Ms. Wright from work and placed her on what it defined as a "paid administrative leave." (Doc. 40, page 4). Ms. Wright repeatedly requested an explanation for her placement

9

on involuntary leave, but her requests were ignored by EEOC management. (Doc. 40, page 4).

Not only had the EEOC listed Ms. Wright's position as vacant just two days after the issuance of the NOPR, but the OEO Director "recommended firing [Ms. Wright] to EEOC Chair [Dhillon ] in May 2019," which is before the Elshater Affidavit was verified (Doc. 40, page 11). This recommendation was made while the EEOC Chair was being briefed on the findings and recommendations contained in the Climate Assessment Report that had been issued in connection with Ms. Wright's 2018 complaint for retaliation. (Doc. 40, page 11).

As alleged in the second amended complaint, the issuance of the NOPR in the absence of evidence to corroborate the Elshater Affidavit and before the investigation into Elshater's complaint had been concluded, followed by the placement of Ms. Wright on involuntary administrative leave, constitutes retaliation pursuant to 42 U.S.C. §§ 2000(e), *et seq.* and deprivation of Ms. Wright's due process rights. (Doc. 40, pages 12 and 14).

Ms. Wright contacted the EEOC to schedule prerequisite counseling on June 8, 2020. (Doc. 40, page 7). The OEO Counselor conducted the initial interview on or around July 13, 2020. (Doc. 40, page 7). Ms. Wright's complaint was not resolved during counseling. (Doc. 40, page 7). Ms. Wright timely filed a formal complaint on

August 5, 2020. (Doc. 40, page 7). On November 19, 2020, the OEO accepted the

following claim for investigation:

> Whether Complainant [Ms. Wright] has been subjected to retaliation (prior EEO complaint [Complaint No. 2018-0025] and acting as a witness), when:
> 1.     On May 27, 2020, Complainant was issued a Proposed Notice of Removal, which Complainant alleges was the result of a conspiracy among named and unknown EEOC officials; and
> 2.     On June 3, 2020, Complainant was placed on paid administrative leave.

(Doc. 40, pages 7-8).

Ms. Wright's claim of retaliation includes: (1) her participation in her own

2018 EEO complaint; (2) improper behavior and conduct related to sexual

misconduct by Gonzalez that Ms. Wright had reported to management since 2016;

(3) her participation as a key witness for Hernandez and Tom; (4) the filing by

Elshater of an unsubstantiated EEO complaint against her, and the issuance of the

NOPR even though the Elshater complaint had not yet been fully investigated; and

(5) her placement on administrative leave as a constructive discharge. (Doc. 40, page

8).

Ms. Wright intentionally chose not to amend her EEO administrative claim to

include her actual removal because 29 C.F.R. § 1614.107(a)(5) provides that a claim

pertaining to a proposed action is not subject to dismissal where, as here, the

complaint alleges that the proposed action was retaliatory. (Doc. 40, page 8).

11

On March 10, 2021, the investigation was completed, and by letter, dated March 22, 2021, the OEO issued to Ms. Wright a copy of the Report of Investigation, in which it notified her of her right to request a hearing before an administrative judge within thirty days, or to receive a Final Agency Decision within sixty days. (Doc. 40, page 9). The EEOC did not issue a Final Agency Decision within the required sixty days, and instead the OEO sent out a supplemental Report of Investigation on August 24, 2021, which included another notice of the right to request a hearing before an administrative judge or receive a Final Agency Decision. (Doc. 40, page 9). The agency issued an untimely Final Agency Decision. (Doc. 40, page 9).

Ms. Wright timely filed the underlying civil action accordingly. (Doc. 40, page 9).

## STANDARD OF REVIEW

The standard of review in the Eleventh Circuit for a dismissal pursuant to Rule 8(a) is "abuse of discretion." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294 (11th Cir. 2018); *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("discretion means the district court has a 'range of choice,' and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law") (internal citation omitted).

## SUMMARY OF THE ARGUMENT

The District Court abused its discretion when it dismissed the Second Amended Complaint as a shotgun pleading. The second amended complaint is not a shotgun pleading because the factual allegations which give rise to each claim for relief are organized and comprehensible. The factual allegations in the second amended complaint that establish Ms. Wright's commitment to bringing workplace misconduct to light clearly pertain to her claim of retaliation, as her complaints, and her testimony on behalf of other employees who filed complaints, are the actions that spurred retaliatory behavior by management. The same allegations are relevant to the claim for due process violations. The second amended complaint meets the test for sufficiency as it provides adequate notice to the defendant of the claims against it and the grounds upon which each claim rests. The District Court's order dismissing the second amended complaint with prejudice should be reversed accordingly.

## ARGUMENT

**I.    The District Court Abused its Discretion When it Dismissed the Second Amended Complaint With Prejudice, as the Second Amended Complaint Is Not a "Shotgun" Pleading**

The second amended complaint is not a shotgun pleading because the factual allegations which give rise to each claim for relief are organized and comprehensible. Dismissal under Rules P. 8(a) and/or 10(b) is only warranted where "'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,'" which is not the case here. *See Weiland*, 792 F.3d at 1325. The second amended complaint makes clear that "this action solely concerns two retaliatory actions by EEOC against Ms. Wright – specifically nothing else but: (1) a discriminatory proposed removal from employment and (2) a concurrent purported … involuntary 'paid administrative leave' that was tantamount to premature dismissal, and devoid of due process." (Complaint, Doc. No. 40, page 3, para. 14) (emphasis removed). Because the two claims are rooted in the same factual pattern evidencing discrimination in the form of retaliation, the paragraphs that precede the one hundred and third paragraph in the complaint contain factual allegations that are relevant to the two separate claims of: (1) retaliation and (2) due process violations. However, each claim separately sets forth the factual allegations upon which it relies, which satisfies Rules 8(a) and 10(b).

14

The two claims comply with Rule 8(a)(2) because they are separate from one another and identified with "sufficient clarity to enable the defendant to frame a responsive pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Here, "it is clear which allegations relate to the various causes of action." *Weinstein v. City of N. Bay Village*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013). They comply with Rule 10(b) because the claims are stated in numbered paragraphs that are limited to a single set of circumstances.

Additionally, the exhibits to the second amended complaint contain facts that are integral to both the retaliation claim and the claim for due process violations, and were to be considered by the District Court, as they are "central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Indeed, to cut and paste the same factual allegations in paragraphs 1-102 into each claim arguably would have rendered the second amended complaint unduly "repetitive," a characteristic that Rule 8(a) is intended to avoid.

Appellant urges this Court to recognize that there is a "delicate balance of responsibilities," as set forth in Judge Tjoflat's concurrence in *Barmapov v. Amuial*, 986 F.3d 1321, 1330 (11th Cir. 2021), and find that here, the second amended complaint contains enough factual allegations to meet its burdens under *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), but does not contain conclusory, vague or immaterial facts.

The second amended complaint is sufficiently clear. The factual allegations in the second amended complaint that establish Ms. Wright's commitment to bringing workplace misconduct to light clearly pertain to her claim of retaliation, as her complaints, and her testimony on behalf of other employees who filed complaints, are the actions that spurred retaliatory behavior by management. The same allegations are relevant to the claim for due process violations, as they establish a reason why Colclough might be inclined to ignore Ms. Wright's due process rights. The exhibits referred to in support of such factual allegations are relevant to each claim, as they establish knowledge on the part of EEOC management of Ms. Wright's prior complaints and support for other complainants and also demonstrate the lack of evidence considered by Colclough when deciding whether or not to issue the NOPR.

Similarly, the fact that an NOPR was issued prior to the conclusion of the investigation of Elshater's allegations and in the absence of all available and relevant evidence is relevant to both claims, as such issuance constitutes an actionable "proposed action" and demonstrates that due process was not afforded to Ms. Wright. The placing of Ms. Wright on involuntary leave just one week later is relevant to her retaliation claim and her due process claim.

The underlying action is entirely distinguishable from *Jackson v. Bank of America,* 898 F.3d 1348, 1358 (2018), which concerned fourteen separate claims

ranging from negligence to fraud, slander, wantonness, and violations of at least four federal statutes based on an allegation that the borrowers did not default on their mortgage obligations. Here, the second amended complaint contained only the factual allegations necessary to demonstrate the history of complaints by Ms. Wright that gave rise to retaliation and the evidence of what was and was not considered by the proposing official. While the elements of a claim for retaliation pursuant to 42 U.S.C. §§ 2000(e) *et seq.* are different from the elements of a claim for due process violations, the facts giving rise to such claims are not necessarily different; indeed, it makes sense that they overlap.

To the extent that the first claim only incorporates by reference paragraphs 76 though 101, this is neither confusing nor unclear; in fact, such a designation complies with Rule 8(a).

To the extent that the second claim does not incorporate any preceding paragraphs by reference, this does not render the second claim confusing or unclear either. The second claim contains an unequivocal allegation that "EEOC denied Ms. Wright due process by violating 5 U.S.C. §6329b(b)" and the Fifth Amendment to the United States Constitution. It contains allegations that an employee may not be placed on administrative leave for more than ten days and that Ms. Wright was placed on administrative leave for much longer than that. It alleges, among other things, that: (1) the EEOC did not ensure that Colclough had meaningful and relevant

documentation to consider and that he did not request additional information before issuing the NOPR; (2) the NOPR provided for a thirty-day period during which Ms. Wright would remain in active-duty status, but the EEOC removed her from active-duty status just a week later; (3) Ms. Wright repeatedly requested, but was refused, an explanation for the unauthorized disciplinary measure made without advance notice or an opportunity to respond; and (4) "administrative leave" is an outdated policy that did not apply to Ms. Wright and should not have been used.

Nor can the EEOC claim "surprise" as to what is being complained of here; the "roadmap" contained in Paragraph 14 of the second amended complaint makes clear that there are two actions taken by the EEOC that give rise to the claims, and that there are two claims arising from the same factual circumstances. The test for sufficiency here is "adequate notice" to the defendant of the claims against it "and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323(11th Cir. 2015). Ms. Wright met that burden, and the District Court abused its discretion when it dismissed the second amended complaint with prejudice on the basis that it was a shotgun pleading.

## CONCLUSION

By reason of the foregoing, Ms. Wright respectfully requests that the District Court's April 17, 2023 order be reversed in its entirety and that this Court grant such other and further relief in support of Ms. Wright as it deems just and proper.

Respectfully submitted,

/s/ Willan Franklyn Joseph
Willan Franklyn Joseph, LLC
*Attorney for Plaintiff-Appellant*
22 Lansdowne Ave
Lansdowne, PA 19050
Phone: (610) 259-8900

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 4,334 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B) (iii). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in Times New Roman 14-point font using MS Word.

Respectfully submitted,

/s/ Willan Franklyn Joseph
Willan Franklyn Joseph, LLC
*Attorney for Plaintiff-Appellant*
22 Lansdowne Ave
Lansdowne, PA 19050
Phone: (610) 259-8900

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, 4 copies of the brief were dispatched for delivery to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit by third-party commercial carrier for overnight delivery at the following address:

> David J. Smith
> Clerk of Court
> U.S. Court of Appeals for the 11th Circuit
> 56 Forsyth St., N.W.
> Atlanta, Georgia 30303

On this same date, a copy of the brief was served on all counsel of record via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

> /s/ Willan Franklyn Joseph
> Willan Franklyn Joseph, LLC
> *Attorney for Plaintiff-Appellant*
> 22 Lansdowne Ave
> Lansdowne, PA 19050
> Phone: (610) 259-8900