IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **23-11646-E**

Nitza Wright,

*Appellant*,

- versus -

Chair, Equal Employment Opportunity Commission,

*Appellee*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

## RESPONSE BRIEF OF THE EEOC

Markenzy Lapointe
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9053

Daniel Matzkin
Chief, Appellate Division

Emily Smachetti
Assistant United States Attorney

Zakarij N. Laux
Assistant United States Attorney

Of Counsel

**Nitza Wright v. Chair, Equal Employment Opportunity Commission**
**Case No. 23-11646-E**
**Certificate of Interested Persons (cont'd)**

In compliance with Fed. R. App. P. 26.1 and 11th Circuit Rules 26.1 and 28-1, the undersigned certifies that the list set forth below is a complete list of the persons and entities who have an interest in the outcome of this case.

Alfonso, Pablo

Black, Ozzie

Brill, Jordan Marcus

Burrows, Charlotte

Byars, Linda

Caddle, Rosemary

Colclough, Thomas

Costales, FNU

Depaz, Ina

Dhillon, Janet

Elshater, Haidy

Equal Employment Opportunity Commission (EEOC)

Farrell, Michael

Gabriel, Jacqueline

Gold, Julie Rook

**Nitza Wright v. Chair, Equal Employment Opportunity Commission**
**Case No. 23-11646-E**
**Certificate of Interested Persons (cont'd)**

Goodman, Hon. Jonathan

Gonzalez, Juan Antonio

Gonzalez, Kathryn

Hernandez, Mario

Hill, Keith

Hughes, Joseph S.

Keene, Alyssa

Kokenge, Hon. Patrick

Inzeo, Nicholas

Joseph, Willan F.

Lapointe, Markenzy

Laux, Zakarij

Lozano, Ines

Mathelier, Serlo Michael

Matzkin, Daniel

Nelson, LaTasha

Nieves, Juan

**Nitza Wright v. Chair, Equal Employment Opportunity Commission**
**Case No. 23-11646-E**
**Certificate of Interested Persons (cont'd)**

Owens, Yolanda

Papillon, Mona

Peters, Fernella

Pietrusiak, Stan

Regisme, Edras

Ricardo, Mercedes

Ritfeld, Roel

Scola, Jr., Hon. Robert N.

Slater, Debrick

Tom, Robert

Viramontes, Rosa

White-Dunston, Erica

Wright, Nitza

*Zakarij N. Laux*
Assistant United States Attorney

### STATEMENT REGARDING ORAL ARGUMENT

Oral argument would not aid the Court in its review because the briefs and record before this Court sufficiently present the facts and legal arguments, which are neither novel nor complex.

## TABLE OF CONTENTS

**Page**:

Certificate of Interested Persons ............................................................. c-1

Statement Regarding Oral Argument ....................................................... i

Table of Contents ................................................................................... ii

Table of Citations .................................................................................. iv

Statement of Jurisdiction .....................................................................viii

Statement of the Issue............................................................................ 1

Statement of the Case:

    1.    Course of Proceedings and Disposition Below ......................... 1

        A.  The First Dismissal Order ................................................. 2

        B.  The Second Amended Complaint ....................................... 3

        C.  The Third Motion to Dismiss ............................................. 4

        D.  The Final Dismissal Order ................................................. 5

    2.    Statement of the Facts ............................................................. 8

    3.    Standard of Review ................................................................. 8

Summary of the Argument ...................................................................... 9

Argument:

    A.  This Court's precedent on shotgun pleadings ............................. 10

    B.  The SAC was a shotgun pleading and was otherwise fatally

        Defective .................................................................................. 12

# TABLE OF CONTENTS

## (CONT'D)

**Page:**

      1) The SAC and its numerous defects ........................................... 13

      2) Wright's response to the Third Motion to Dismiss ................... 16

  C. The district court properly exercised its discretion in dismissing the SAC with prejudice ................................................. 19

  D. Alternate grounds for affirmance ................................................ 21

Conclusion ........................................................................... 23

Certificate of Compliance ....................................................... 24

Certificate of Service ............................................................. 25

## TABLE OF CITATIONS

**Cases:**                                                                 **Page:**

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,

   77 F.3d 364 (11th Cir. 1996)................................................................11, 16

*Arrington v. Green*,

   757 F. App'x 796 (11th Cir. 2018) ............................................................ 20

*B.L.E. v. Georgia*,

   335 F. App'x 962 (11th Cir. 2009) ............................................................ 12

\* *Barmapov v. Amuial*,

   986 F.3d 1321 (11th Cir. 2021) ............................................................ 8, 18

*Bell Atl. Corp. v. Twombly*,

   550 U.S. 544 (2007) ............................................................................... 10-11

*Betty K Agencies, Ltd. v. M/V MONADA*,

   432 F.3d 1333 (11th Cir. 2005).................................................................. 8

*Bryant v. Dupree*,

   252 F.3d 1161 (11th Cir. 2001) ................................................................ 19

*Cook v. Wiley*,

   208 F.3d 1314 (11th Cir. 2000)................................................................ 15

*Cramer v. State of Fla.*,

   117 F.3d 1258 (11th Cir. 1997)................................................................ 12

*Davis v. Coca-Cola Bottling Co. Consol.*,

   516 F.3d 955 (11th Cir. 2008).................................................................. 10

*Doscher v. Holding*,

   22-13184, 2023 WL 6060559 (11th Cir. Sept. 18, 2023)............................ 19

## TABLE OF CITATIONS

### (CONT'D)

<u>Cases:</u>                                                                                          <u>Page:</u>

*Embree v. Wyndham Worldwide Corp.*,

    779 Fed. Appx. 658 (11th Cir. 2019). ........................................................ 16

*Estate of Bass v. Regions Bank, Inc.*,

    947 F.3d 1352 (11th Cir. 2020) ...................................................................... 3

*Hunt v. Nationstar Mortgage, LLC*,

    684 F. App'x 938 (11th Cir. 2017) .............................................................. 22

*In re Rasbury*,

    24 F.3d 159 (11th Cir. 1994) ................................................................... 9, 20

* *Jackson v. Bank of Am., N.A.*,

    898 F.3d 1348 (11th Cir. 2018), ................................................................. 19

*Kabbaj v. Obama*,

    568 F. App'x 875 (11th Cir. 2014) ............................................................. 19

*Karpeeva v. U.S. Dept. of Homeland Sec. Citizenship & Immigration Services*,

    432 F. App'x 919 (11th Cir. 2011) ............................................................. 15

*Lampkin-Asam v. Volusia Cnty. Sch. Bd.*,

    261 F. App'x 274 (11th Cir. 2008) ............................................................. 12

*McDonough v. City of Homestead*,

    771 F. App'x 952 (11th Cir. 2019) ............................................................. 20

*Merch. One, Inc. v. TLO, Inc.*,

    No. 19-CV-23719, 2020 WL 248608 (S.D. Fla. Jan. 16, 2020) ..................... 6

TABLE OF CITATIONS

(CONT'D)

**Cases:**                                                                    **Page:**

*Osahar v. U.S. Postal Serv.*,

   297 F. App'x 863 (11th Cir. 2008) ............................................................ 17

*Peterson v. Atlanta Hous. Auth.*,

   998 F.2d 904 (11th Cir. 1993)................................................................... 15

*Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*,

   305 F.3d 1293 (11th Cir. 2002)................................................................. 18

*Tran v. City of Holmes Beach*,

   817 F. App'x 911 (11th Cir. 2020) ............................................................ 20

*United Life Ins. Co. v. Martinez*,

   480 F.3d 1043 (11th Cir. 2007) ................................................................ 22

*United States v. Kelly,*

   888 F.2d 732 (11th Cir.1989)..................................................................... 9

\* *Vibe Micro, Inc. v. Shabanets*,

   878 F.3d 1291 (11th Cir. 2018)........................................................8, 12, 19

\**Weiland v. Palm Beach Cty. Sheriff's Office*,

   792 F.3d 1313 (11th Cir. 2015)......................................................... passim

*Wright v. Burrows*,

   22-21090-CIV, 2022 WL 17493701 (S.D. Fla. Nov. 16, 2022).....................2

*Wright v. Burrows*,

   22-21090-CIV, 2023 WL 2968181 (S.D. Fla. Apr. 17, 2023) ........................5

**Statutes & Other Authorities:**                                            **Page:**

5 U.S.C. § 1201 ................................................................................ 7

28 U.S.C. § 1291 ........................................................................... viii

28 U.S.C. § 1331 ........................................................................... viii

42 U.S.C. § 2000e........................................................................... viii

Fed. R. App. P. 4(a) ....................................................................... viii

Fed. R. App. P. 26.1.....................................................................c 1 of 3

Fed. R. App. P. 32(a)(5) .................................................................. 23

Fed. R. App. P. 32(a)(6) .................................................................. 23

Fed. R. Civ. P. 12(e) .......................................................................... 2

Fed. R. Civ. P. 15(a)(1)(B) ................................................................. 1

Fed. R. Civ. P. 8............................................................... passim

Fed. R. Civ. P. 10............................................................. passim

Fed. R. Civ. P. 41(b) ...................................................................... 18

## STATEMENT OF JURISDICTION

This is an appeal from a final decision of the United States District Court for the Southern District of Florida in a civil case. The district court's jurisdiction was invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e, *et seq.* (Title VII). [1] The district court exercised its discretion and dismissed Wright's operative pleading with prejudice on April 17, 2023 [DE 48]. [2] Wright filed a timely notice of appeal on May 12, 2023 [DE 49]; *see* Fed. R. App. P. 4(a). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

---

[1] Wright did not plead or otherwise identify a jurisdictional basis for her second claim of "deprivation of due process."

[2] All references to "DE" are references to the district court's docket in Case No. 22-cv-21090-RNS.

### STATEMENT OF THE ISSUE

Whether the district court properly exercised its discretion in dismissing Wright's *Second Amended Complaint* [DE 40] with prejudice as a shotgun pleading, after: (a) dismissing Wright's previously-filed *Amended Complaint* for that same reason; (b) identifying for Wright the numerous pleading deficiencies contained therein; (c) granting Wright leave to file an amended pleading; and (d) providing Wright and her counsel with an unequivocal warning that submitting another  shotgun pleading may result in dismissal with prejudice. *See* DE 38 at 2.

### STATEMENT OF THE CASE

## 1.   <u>Course of proceedings and disposition below</u>

On April 8, 2022, Wright filed a complaint in the district court alleging retaliation under Title VII (Count I) and "deprivation of due process" (Count II). *See* DE 1. On September 19, 2022, the EEOC timely moved to dismiss Wright's original complaint arguing, among other things, that it was a shotgun pleading. *See* DE 28 (the First Motion to Dismiss).

In response to the First Motion to Dismiss, Wright filed an Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). DE 29 (the Amended Complaint). The district court therefore denied the First Motion to Dismiss as moot. DE 30.

On October 24, 2022, the EEOC moved to dismiss the Amended Complaint [DE 31] (the Second Motion to Dismiss), arguing again, among other things, that the Amended Complaint was a shotgun pleading. Wright responded to the Second Motion to Dismiss [DE 36] and the EEOC replied [DE 37].

### A. The First Dismissal Order

On November 16, 2022, the district court granted the Second Motion to Dismiss, dismissing the Amended Complaint without prejudice as an impermissible shotgun pleading. DE 38; *Wright v. Burrows*, 22-21090-CIV, 2022 WL 17493701 (S.D. Fla. Nov. 16, 2022) (the Dismissal Order).[3] Specifically, the district court ruled that the 26-page Amended Complaint was "sloppily thrown together" and "patently difficult to understand." *Id.* at 1. In addition, the court characterized the Amended Complaint as a "sporadically arranged, prolonged recantation of multiple story lines that bear a questionable relevance to one another" and a pleading that was "[m]arked by repeat and unexpected introductions to a complex cast of characters … [and] narrated in the code of

---

[3] Although the Second Motion to Dismiss—like the First Motion to Dismiss before it—also made merits-based arguments for dismissal, the district court expressly stated it was construing the Second Motion to Dismiss as a motion for more definite statement under Fed. R. Civ. P. 12(e). *See* DE 38 at 1. The court therefore did not address the EEOC's arguments as to standing and failure to state a claim. *See* DE 31 at 10-20.

multiple acronyms that blend[ed] with typographical errors to make understanding the relevant facts of this case an unwelcome challenge." *Id.* Citing this Court's precedent holding that "[i]t is not the proper function of courts in this Circuit to parse out such incomprehensible allegations," the district court stated it had "no difficulty in granting the [Second Motion to Dismiss]." *Id.* at 2 (quoting *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020)).

The district court granted Wright an opportunity to file a second amended complaint, but also warned Wright and her counsel that "the Court may dismiss the [Second Amended Complaint] *with prejudice* should it again present as a shotgun pleading." *Id.* at 2 (emphasis added). On December 13, 2022, Wright filed her Second Amended Complaint (the SAC).

### B. The Second Amended Complaint

The SAC was substantially similar to its predecessor. In fact, the first six pages were virtually identical to those of the Amended Complaint, and the SAC still asserted the same causes of action of retaliation (Count I) and "deprivation of due process" (Count II). SAC, at 12-14. But in an apparent effort to transform her operative pleading into one that was not of the shotgun variety, Wright went too far in the opposite direction: rather than reincorporating the entire pleading into each count as she had done in her initial complaint and her Amended Complaint, Wright failed to incorporate most of her factual allegations into the

3

counts of her SAC. Among other problems, the SAC contained nearly nine pages of factual allegations (paragraphs 1 through 75) that Wright never subsequently used to support either of her claims.[4] And as detailed below, the factual paragraphs that Wright did incorporate into her retaliation claim (Count I) were not what Wright professed them to be.

### C. The Third Motion to Dismiss

Because the SAC presented again as a shotgun pleading, among other issues, the EEOC filed a third motion to dismiss, arguing in part that: (a) Wright did not incorporate necessary predicate factual allegations into either count of her SAC; (b) that a vast swath of factual allegations (SAC, ¶¶ 1-75) were pleaded but then not later used to support either count; (c) that Paragraph 102 of the SAC—the only paragraph through which Plaintiff sought to allege facts that might support an award of money damages—was not incorporated into either count, rendering both counts fatally deficient to the extent they sought monetary relief; and (d) that the SAC was still a shotgun pleading, just of a different variety of those described by this Court. *See* DE 43 (the Third Motion to Dismiss). The EEOC therefore requested that the district court enforce its clear warning contained in the Dismissal Order and dismiss the SAC with prejudice. *See* DE

---

[4] Wright did not incorporate *any* of the preceding factual allegations into her "deprivation of due process" claim (Count II), and only incorporated paragraphs 76-101 into her retaliation claim (Count I). More on that, below.

4

43 (the Third Motion to Dismiss).

Wright failed to meaningfully respond to the Third Motion to Dismiss. *See* DE 46. Wright did not respond at all to the EEOC's arguments: (a) that she did not incorporate necessary predicate factual allegations into either count of her SAC; (b) that a vast swath of factual allegations (SAC, ¶¶ 1-75) were pleaded but then not later used to support either count; (c) that Paragraph 102 of the SAC—the only paragraph through which Plaintiff sought to allege facts that might support an award of money damages—was not incorporated into either count, rendering both counts fatally deficient to the extent they sought monetary relief; and (d) that the SAC was still a shotgun pleading, just of a different variety of those described by this Court. The EEOC highlighted the inadequacy of Wright's response in its reply. *See* DE 47.

### D. The Final Dismissal Order

On April 17, 2023, the district court entered a final order dismissing the SAC with prejudice. *See* DE 48; *Wright v. Burrows*, 22-21090-CIV, 2023 WL 2968181 (S.D. Fla. Apr. 17, 2023) (the Final Dismissal Order).

The district court concluded that Wright had failed to address the various pleading deficiencies it had identified in its prior Dismissal Order. *Id.* at 3. The court noted that the SAC was just as sporadically arranged and difficult to understand as the Amended Complaint that came before it, "presenting the

5

same confused narrative in a slightly reworded and reorganized form." *Id.* A side-by-side comparison of the Amended Complaint with the SAC revealed "many, if not most, of the allegations" were simply cut and pasted back into the SAC "with only minor modifications." *Id.*

The district court also highlighted Wright's failure "to specifically address any of the pleading deficiencies pointed out by [the EEOC]." *Id.* at 4. Instead — and without citing any support for the notion that a plaintiff may rely on attachments to her complaint to excuse poor pleading—Wright argued that "[the SAC] is not difficult to understand because the Defendant and (presumably also) the Court have the benefit of the exhibits attached thereto." *Id.* But the district court noted that the four attachments to the SAC consisted of approximately 70 pages of additional, dense material, and that "'it is not the Court's duty to expend precious time and resources in attempting to decipher a pleading that can be clarified by more conscientious drafting.'" *Id.* (quoting *Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020)).

Citing this Court's comprehensive precedent on the subject of shotgun pleadings, the district court remarked that while Wright's Amended Complaint "committed the 'mortal sin of re-alleging all preceding counts,' her [SAC] commit[ed] the equally problematic error of failing to incorporate what would

seem to be critical allegations into each of her two counts." *Id.* (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015)).

Having concluded that the SAC was still a shotgun pleading which did not properly give the EEOC notice of the factual underpinnings of the asserted claims, the district court again did not reach the EEOC's arguments for dismissal on the merits.[5] And citing decisions of this Court holding a district court does not abuse its discretion when it dismisses a shotgun pleading with prejudice so long as the litigant is represented by counsel and is given a warning and opportunity to re-plead the case, the district court followed through with its prior warning, exercised its discretion, and dismissed the SAC with prejudice. *Id.* at 5

Wright now appeals the Final Dismissal Order, arguing in her Initial Brief that the SAC was not a shotgun pleading and that the district court abused its

---

[5] In each of its motions to dismiss, the EEOC sought dismissal under this Court's temporal nexus precedent in retaliation cases. The EEOC further argued in its Third Motion to Dismiss that the SAC failed to state a claim for "deprivation of due process," which, in the context of the discernable factual allegations, either did not exist or was precluded by the Civil Service Reform Act of 1978, 5 U.S.C. § 1201 *et seq.* (CSRA). *See* DE 43 at 10-18.

discretion by dismissing it with prejudice.[6]

## 2.    <u>Statement of the Facts</u>

All relevant facts for this appeal have been incorporated into the Course of Proceedings section, above. The Statement of Facts in Wright's Initial Brief is not relevant to determining whether the district court properly exercised its discretion in dismissing the SAC with prejudice. This Court need only look to the SAC itself and the record before the district court, not to Wright's fourth[7] retelling of the facts underlying her claims.

## 3.    <u>Standard of Review</u>

This Court reviews a district court's dismissal of a shotgun pleading for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018)); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citing *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir.

---

[6] The Initial Brief is unclear in this regard. Wright correctly identifies abuse of discretion as the applicable standard of review, but she then devotes her entire argument to the legal question of whether the SAC was indeed a shotgun pleading, impliedly asking this Court to make a de novo determination on that issue, rather than discussing whether the district court committed a clear error of judgment when it dismissed with prejudice. While these questions are arguably intertwined, Wright devotes no argument to the former.

[7] The original complaint [DE 1], Amended Complaint [DE 29], and SAC [DE 40] constitute Wright's first three recitations of those facts.

2005) (dismissal for failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b) is reviewed for abuse of discretion).

"By definition … under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a de novo standard of review." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994). Accordingly, "the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (quoting *United States v. Kelly,* 888 F.2d 732, 745 (11th Cir.1989))

## SUMMARY OF THE ARGUMENT

The district court properly exercised its discretion in dismissing the SAC with prejudice. The SAC—like each of the pleadings that had come before it— was still a shotgun pleading as defined by this Court. Setting aside that the SAC was "patently difficult to understand" and failed to "follow a steady train of thought," DE 48, at 3, it also contained nearly nine pages of factual allegations that were not later used to support the asserted causes of action. This necessarily rendered the SAC "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and incapable of giving

the EEOC "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321-23.

After identifying the defects with Wright's previous pleading and providing an opportunity to re-plead, the district court was operating well within its discretion when it dismissed the SAC with prejudice. This Court—applying its well-settled precedent and reviewing for abuse of discretion—should affirm that dismissal.

## ARGUMENT

### A. This Court's precedent on shotgun pleadings

Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10 requires that a plaintiff set forth separate counts for each of their purported claims. As this Court has noted, the framers of the Rules of Civil Procedure "assumed that complaints would be drafted as clearly and definitively as possible, so that the defendant could understand the cause(s) of action the plaintiff was asserting and frame a responsive pleading, and the district court, having a clear and definitive response before it, could recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008), abrogated on other grounds by *Bell Atl. Corp. v.*

10

*Twombly*, 550 U.S. 544 (2007). A proper complaint, therefore, "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The *Anderson* court further noted that "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Id.* at 367.

The Court's precedent teaches that "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Weiland*, the Court identified four types of shotgun pleadings, among which are those "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The Court also summarized that "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

This Court has "little tolerance for shotgun pleadings" because "they waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro,* 878 F.3d at 1295 (cleaned up). They also "impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources [and cause] justice [to be] delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). For that reason, the Court has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("[Shotgun pleadings are] confusing, incoherent, and clogged with seemingly irrelevant factual allegations" and are therefore appropriately dismissed.).

## B. The SAC was a shotgun pleading and was otherwise fatally defective

Wright attempts to use her brief here as a legend—like one might find on a complex map or chart—to illuminate where in her SAC and its voluminous attachments one can pluck out the necessary allegations to support her purported causes of action. *See* Initial Brief, 11-24. But the Statement of Facts section contained in Wright's brief is not: (a) the operative pleading the district court (and the EEOC) had to struggle through; (b) the pleading for which the district

court found noncompliance with Rules 8 and 10 (and a prior court order); or (c) the underlying pleading against which this Court must measure the district court's exercise of discretion. The EEOC therefore focuses the Court on the SAC itself.

### 1)  *The SAC and its numerous defects*

As the district court noted, the SAC read as "a sporadically arranged, prolonged recantation of multiple story lines that bear a questionable relevance to one another." DE 49, at 3 (finding that the SAC retained this characteristic of the Amended Complaint). The similarities between the two pleadings were unsurprising given that the first 49 paragraphs of the SAC tracked almost verbatim the first 50 paragraphs of the prior Amended Complaint, with only minimal, stylistic (non-substantive) changes. *Compare* DE 29, ¶¶ 1-50 *with* DE 40, ¶¶ 1-49.

Setting aside that the SAC "merely present[ed] what appears to be the same confused narrative in a slightly reworded and reorganized form," DE 49, at 3, the SAC also contained nearly nine pages (76 paragraphs) of factual allegations that were never incorporated into (i.e., used) to support either of Wright's asserted causes of action. *See* SAC, ¶ 103 (incorporating into the Title VII count only paragraphs 76-101, thereby leaving paragraphs 1-75 and 102

completely unused as support for either count and raising the question why they were there at all).[8]

Equally problematic, the paragraphs of the SAC that Wright did incorporate into her retaliation claim were not what Wright claimed them to be. Wright refers the reader to paragraphs 76-101 of the SAC as containing the requisite allegations of her prior "protected EEO activity" on which her retaliation claim is premised. SAC, ¶ 104 (Wright "avers as a direct and proximate result of the protected EEO activity alleged in paragraphs 76 through 101, [she] suffered material adverse employment actions.").[9] But paragraphs 76 through 101 do not generally allege any activity at all, let alone a short, plain statement of Wright's purported protected activity that might plausibly support her retaliation claim. The district court described this problem as follows:

> To establish a *prima facie* case for retaliation, a plaintiff must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer …. Wright points to paragraphs 76 through 101 as containing the required allegations of protected activity, but a review of those paragraphs fails to reveal a clear account of such activity. Instead, one must look to the other,

---

[8] As noted below, the "deprivation of due process" claim (Count II) did not rely on these facts either (or any facts alleged in the first nine pages of the SAC).

[9] Although Wright never claimed as such, the incorporation of only paragraphs 76-101 was plainly not a scrivener's error as Wright later doubled down, again incorporating only paragraphs 76-101, which she professes contain not only the requisite allegations of prior protected activity, but also of "retaliatory conduct." SAC, ¶ 106. Paragraphs 76-101 are not a short plain statement of protected activity or retaliatory conduct.

14

> non-incorporated paragraphs to begin to get a semi-lucid idea of
> what may have occurred.

DE 48 at 4.

And Wright does not rely on anything from the first 12 pages in support of her claim for "deprivation of due process"—not even the requisite allegations as to jurisdiction, venue, the parties' identities, etc. *See* SAC at 14 (incorporating no facts from SAC paragraphs 1 through 102). Count II does not even allege a liberty or property interest protected by the Fifth Amendment.[10] *See Karpeeva v. U.S. Dept. of Homeland Sec. Citizenship & Immigration Services*, 432 F. App'x 919, 925 (11th Cir. 2011) ("To state a due process claim, a plaintiff must allege a deprivation of a property or liberty interest protected by the Fifth Amendment.") (citing *Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000)); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("Terms like 'due process' are inherently vague and such claims may rest on a virtually infinite number of factual scenarios.").

As the EEOC argued below, Wright's failure to incorporate vast swaths of allegations into the subsequent counts raises the obvious question: are those

---

[10] As noted below in each motion to dismiss, Wright only challenged in the district court the issuance of the notice of proposed removal and her placement on paid administrative leave, not her actual removal from federal service. DE 43, at 14 (arguing that personnel actions short of termination do not constitute a constitutionally protected deprivation of property).

allegations material to, or supportive of, any particular cause of action? If not—
which must be the case—then the SAC is necessarily "replete with conclusory,
vague, and immaterial facts not obviously connected to any particular cause of
action" and it fails to give the EEOC "adequate notice of the claims against them
and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321-23.
As this Court has noted, a plaintiff's failure to articulate which factual
allegations support her causes of action is "more than a technical deficiency.
Rather, it violate[s] Rules 8(d)(1) and 10(b)" and prevents a defendant from
framing a responsive pleading. *Embree v. Wyndham Worldwide Corp.*, 779 Fed.
Appx. 658, 663 (11th Cir. 2019) (quoting *Anderson*, 77 F.3d at 366).

### 2) *Wright's response to the Third Motion to Dismiss*

In her response to the Third Motion to Dismiss, Wright did not explain
why she failed to remedy the defects identified in the district court's prior
Dismissal Order, by again submitting a pleading that was confusing, incoherent,
and filled with unused (and therefore necessarily irrelevant) factual allegations.
*See* DE 46. The thrust of Wright's opposition to dismissal was that by including
voluminous attachments to her SAC, she was somehow absolved of any
obligation to plead her case in a way that complied with Rule 8 and the district
court's prior instructions. *See, e.g.,* DE 46 at 3-5 (arguing that Wright had met
her pleading burden by including several exhibits, which become part of the

16

pleading under Rule 10, and which contained "comprehensive background facts.");[11] *see also* DE 48, at 4 (district court notes that Wright's response "fails to specially address any of the pleading deficiencies pointed out by the [EEOC]. Instead, it argues that the [SAC] is not difficult to understand because the [EEOC] and (presumably also) the Court have the benefit of the exhibits attached thereto.").

The EEOC does not dispute Wright's assertion that attachments to a pleading become part of that pleading for purposes of a Rule 12(b) motion. But what she argued in the district court was the equivalent of telling the court and the EEOC to go fish. As the district court noted, "[p]utting aside the fact that [the SAC's exhibits] contain approximately 70 pages of additional, dense material, Wright cites no support for the proposition that a plaintiff can rely on the attachments to her complaint to excuse the deficiencies in her pleading." DE 48 at 4. Wright still has not identified any authority for that proposition and, in fact, this Court's precedent suggests the opposite. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("[Plaintiff] contends that the

---

[11] Wright relies on this same argument in her Initial Brief, arguing the voluminous attachments to the SAC were "central to" her claims and that copying and pasting facts from those documents into her pleading would have rendered it unduly repetitive. Initial Brief, 15. Nobody suggests copying and pasting; what Wright needed to do (among many other things) was tell the EEOC and the court where to look. An appellate brief is not the place to first attempt to do that.

exhibits to his complaint clarify his arguments, but to force the parties and the court to sift through an additional 100 pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2)."); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (shotgun pleadings are not sanctioned because, among other reasons, they impose on the trial court the onerous task of ascertaining exactly what facts support the plaintiff's claims and sifting out all of the irrelevancies); *see also Barmapov*, 986 F.3d at 1332 (Tjoflat, J., concurring) ("[D]istrict courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together claims for plaintiff's counsel.").

The SAC was plainly a shotgun pleading under this Court's precedent. Setting aside that it presented the "same confused narrative" the district court had previously dismissed, DE 48, at 3, it also did not contain clear statements of the necessary elements of the purported causes of action, it sent the reader on an odyssey through 25 referenced paragraphs to decipher what might be deemed to be protected activity, and it failed to incorporate prerequisite allegations about jurisdiction, venue, etc. The SAC also contained nine pages of extraneous facts that necessarily rendered it guilty of the "venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

18

### C. The district court properly exercised its discretion in dismissing the SAC with prejudice

This record reflects *Weiland*'s quintessential example of when dismissal under Federal Rule of Civil Procedure 41(b) is appropriate: where the district court has advised a plaintiff of her complaint's deficiencies, afforded an opportunity to correct those deficiencies, and the plaintiff fails to make "meaningful modifications" to her complaint. *Weiland*, 792 F.3d at 1321 n.10; *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1361 (11th Cir. 2018) (Bloom, J., concurring) (explaining that dismissal with prejudice is proper "following a grant of leave to replead and resurrection of a similarly improper pleading."); *Kabbaj v. Obama*, 568 F. App'x 875, 879–80 (11th Cir. 2014) (dismissal with prejudice is proper where "there has been repeated failure to cure deficiencies by amendments previously allowed.") (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). As the *Jackson* court made clear, "the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Jackson*, 898 F.3d at 1358.

The district court here did exactly as this Court has instructed. *See Doscher v. Holding*, 22-13184, 2023 WL 6060559, at *3 (11th Cir. Sept. 18, 2023) (citing

*Vibe Micro*, 878 F.3d at 1295-96) ("If the court permits the plaintiff to amend and explains in its repleading order how the complaint violates the shotgun pleading rule, but the plaintiff still fails to remedy the shotgun pleading issues, the court does not abuse its discretion in dismissing the case with prejudice."); *McDonough v. City of Homestead*, 771 F. App'x 952, 956 (11th Cir. 2019) (affirming dismissal with prejudice where the plaintiff had been given one opportunity to replead); *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (before dismissing with prejudice, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint.").

Despite the district court's clear warning and instruction on how to remedy the defects of her pleading, Wright filed the SAC—a complaint that was substantially similar to her previous shotgun pleadings, but with its own host of new deficiencies. Dismissal with prejudice, at that point, was warranted. *See Tran v. City of Holmes Beach*, 817 F. App'x 911, 915 (11th Cir. 2020) (affirming dismissal with prejudice where, after district court explained what was wrong with the pleading and gave plaintiffs at least one chance to correct it, plaintiffs filed an amended pleading that was "just as shotgunny" as the two that preceded it). Even if this Court might have given Wright another opportunity to re-plead, that does not equate to the district court abusing its discretion. *See Rasbury*, 24

F.3d at 168 (explaining how an abuse of discretion standard differs from a de novo standard of review and the range of choices available to a district court, so long as it does not commit a clear error of judgment).[12]

### D. Alternate grounds for affirmance

As noted above, the EEOC moved to dismiss each of Wright's complaints as shotgun pleadings, but also on the merits. Specific to the SAC, the EEOC argued that Wright's retaliation claim was barred by this Court's temporal proximity case law.[13] Namely, to the extent Wright pleaded any protected activity at all in her SAC, that activity took place far too long ago to serve as the basis for her retaliation claim. And with respect to Wright's due process claim, the EEOC argued that claim—to the extent discernable—was either preempted by the CSRA or wholly precluded, as there is no separate cause of action for alleged procedural infirmities during the EEO process other than Title VII itself.[14]

---

[12] If the Court hesitates to penalize Wright for her counsel's missteps, the EEOC informs the Court (as it informed the district court) that Wright has a parallel proceeding pending before the Merit Systems Protection Board based on the same facts and through which she could obtain substantially similar relief. *See* DE 43, n. 2; n. 4 (directing the court to MSPB Docket No. AT-0752-21-0107-I-4).

[13] DE 43, 10-13.

[14] DE 43, 13-18.

The district court did not reach these arguments, but both constitute independent bases in the record on which this Court may affirm dismissal. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1059 (11th Cir. 2007) (court of appeals may affirm a district court's decision for any reason in the record, whether or not it was raised below). And dismissal with prejudice would still be proper on those bases given that lack of temporal nexus, preemption, or the lack of a viable cause of action could not be overcome by a further amended pleading. *See e.g., Hunt v. Nationstar Mortgage, LLC*, 684 F. App'x 938, 944 (11th Cir. 2017) (district court does not err in dismissing a complaint with prejudice where claims are time-barred or not cognizable and amendment would therefore be futile).

## CONCLUSION

The SAC was Wright's third shotgun pleading and the district court followed this Court's precedent to the letter regarding notice and opportunity to cure before dismissing with prejudice. The dismissal should be affirmed.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   *Zakarij N. Laux*
      Assistant United States Attorney
      99 N.E. 4th Street, Suite 300
      Miami, Florida 33132
      (305) 961-9053
      Zakarij.Laux@usdoj.gov

Daniel Matzkin
Chief, Appellate Division

Emily Smachetti
Assistant United States Attorney

Of Counsel

**Certificate of Compliance**

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016, 14-point Calisto MT font.

## Certificate of Service

I hereby certify that four copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 23rd day of October 2023, and that, on the same day, the foregoing brief was filed using CM/ECF and served via CM/ECF on Joseph S. Hughes, Hughes Law Office, 3601 S. Ocean Blvd., Palm Beach, FL 33480 and Willan F. Joseph, Willan Franklyn Joseph, LLC, 22 N. Lansdowne Ave., Lansdowne, PA. 19050, counsel for Nitza Wright.

*Zakarij N. Laux*
Assistant United States Attorney

*ms*