# 23-11646

# United States Court of Appeals
## for the
## Eleventh Circuit

---

NITZA WRIGHT,

*Plaintiff - Appellant,*

versus

CHAIR OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

*Defendant - Appellee.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:22-cv-21090-RNS
(Hon. Robert N. Scola, Jr.)

## REPLY BRIEF OF APPELLANT

JOSEPH S. HUGHES
HUGHES LAW FIRM
3601 South Ocean Boulevard
Palm Beach, Florida 33480
(413) 687-2093

WILLAN F. JOSEPH
WILLAN FRANKLYN JOSEPH, LLC
22 North Lansdowne Avenue
Lansdowne, Pennsylvania 19050
(610) 259-8900

*Counsel for Plaintiff - Appellant*

*Wright v. Chair of Equal Employment Commission*
23-1164

# CERTIFICATE OF INTERESTED PERSON AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for the Plaintiff-Appellant submits the following Certificate of Interested Persons and Corporate Disclosure Statement pursuant to Rule 26.1 of the FRAP and Rules 26.1-1 and 26.1-2 of the Rules of the United States Court of Appeals for the Eleventh Circuit. Counsel certifies that the following listed persons and parties have an interest in the outcome of this case. These representations are made so the Judges of this Court may evaluate possible disqualification or recusal pursuant to the local rules of this Court.

| # | Name | Role |
|---|---|---|
| 1. | Charlotte Burrows, Chair of the Equal Employment Opportunity Commission, in her official capacity | Defendant-Appellee |
| 2. | Hughes, Joseph H. | Attorney for Plaintiff-Appellant |
| 3. | Joseph, Willan F. | Attorney for Plaintiff-Appellant |
| 4. | LaPointe, Markenzy | Attorney for Defendant-Appellee |
| 5. | Laux, Zakarij N. | Attorney for Defendant-Appellee |
| 6. | Scola, Robert N. Jr. | Judge, United States District Court |
| 7. | Wright, Nitza | Plaintiff-Appellant |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II.    ARGUMENT .................................................................................................. 2

        I.    The Second Amended Complaint is not a "Shotgun" Pleading and EEOC Cannot Prove the Contrary .................................................... 2

        II.    EEOC's Reliance on Certain Decisions Weakens its Case. ................. 7

III.    CONCLUSION .............................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Baumann v. Savers Federal Sav. & Loan Assoc.*,
   934 F.2d 1506 (11th Cir. 1991)......................................................................9

*Bickerstaff Clay Products v. Harris County, Georgia*,
   89 F.3d 1481 (11th Cir. 1996)........................................................................3

*Byrne v. Nezhat*,
   261 F.3d 1075 (11th Cir. 2001)......................................................................4

*Crawford v. Babbitt,*
   186 F.3d 1322 (11th Cir. 1999)......................................................................4

*Dean Witter Reynolds, Inc. v. Fernandez*,
   741 F.2d 355 (11th Cir. 1984)........................................................................9

*Doscher v. Holding*,
   22-13184, 2023 WL 6060559 (11th Cir. Sept. 18, 2023) ..............................8

*Erickson v. Pardus*,
   551 U.S. 89 (2007)..........................................................................................1

*Four Seasons Hotels v. Consorcio Barr SA,*
   377 F.3d 1164 (11th Cir. 2004)......................................................................8

*In re Rasbury*,
   24 F.3d 159 (11th Cir. 1994)..........................................................................2

*Jackson v. Bank of America,*
   898 F.3d 1348 (2018)......................................................................................7

*Kabbaj v. Obama*,
   568 F. App'x 875 (11th Cir. 2014)..................................................................7

*McCann v. Tillman*,
   526 F.3d 1370 (11th Cir. 2008)......................................................................1

*McDonough v. City of Homestead*,
   771 F. App'x 952 (11th Cir. 2019)..................................................................8

*Shiver v. Chertoff,*
   549 F.3d 1342 (11th Cir. 2008)......................................................................4

*Tran v. City of Holmes Beach*,
    817 F. App'x 911 (11th Cir. 2020)..................................................................8

*United States v. Kelly*,
    888 F.2d 732 (11th Cir. 1989).........................................................................2

*Wade v. Sec'y of the Army*,
    796 F.2d 1369 (11th Cir. 1986).......................................................................4

*Weiland v. Palm Beach County Sheriff's Office*,
    792 F.3d 1313 (11th Cir. 2015).......................................................................2

*Weinstein v. City of N. Bay Village*,
    977 F. Supp. 2d 1271 (S.D. Fla. 2013)............................................................4

**Statutes & Other Authorities:**

29 C.F.R. § 1614.105(a)(1) ....................................................................................5

29 C.F.R. § 1614.105(b)(1) ....................................................................................5

29 C.F.R. § 1614.105(c) .........................................................................................5

29 C.F.R. § 1614.105(d) .........................................................................................5

29 C.F.R. § 1614.106(e) .........................................................................................5

29 C.F.R. § 1614.107 ..............................................................................................5

Fed. R. Civ. P. 8(a) .................................................................................................3

Fed. R. Civ. P. 8(a)(2).............................................................................................3

Fed. R. Civ. P. 8(e) .................................................................................................3

Fed. R. Civ. P. 10....................................................................................................6

Fed. R. Civ. P. 10(b)...............................................................................................3

Fed. R. Civ. P. 10(c) ...............................................................................................7

Fed. R. Civ. P. 12(e) ............................................................................................1, 4

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff-Appellant Nitza Wright (Ms. Wright) replies to the Appellant EEOC's Answering Brief. In sum, EEOC's prayer to affirm the lower court's dismissal of her case requires this Court to ignore fundamental, established principles, including this absolute, all-encompassing directive: (1) "Pleadings must be construed so as to do justice." Rule 12(e), Fed. R. Civ. P.; and (2) "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations … in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Based on Ms. Wright's "reworded and reorganized" second amended complaint (SAC), the District Court's order of dismissal nonetheless identified and confirmed an understanding of the substance of her Title VII cause of action. Specifically, "she claims to have been retaliated against by her supervisors at the EEOC for her prior involvement in exposing sexual misconduct by a co-worker. (Second Am. Compl. ¶ 2, ECF No. 40.) [and] … alleges that, because of this protected activity, she was issued a Notice of Proposed Removal, which recommended, and ultimately resulted in her removal from her position as an Enforcement Manager in the Miami District Office of the EEOC. (*Id.* ¶3.)"[1]

---

[1] A *prima facie* case of retaliation is made by showing a complainant (1) engaged in statutorily protected activity; (2) suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. See, *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008).

1

(Appendix Vol II, Tab 48, p. 454). The opinion is silent regarding a causal connection between the protected activity and the adverse action.

## II.　　ARGUMENT

### I.　　The Second Amended Complaint is not a "Shotgun" Pleading and EEOC Cannot Prove the Contrary

First and foremost, given EEOC's history of having administratively processed Ms. Wright's case, it is irrational for the agency to claim the second amended complaint is a "shotgun" pleading, especially when it is apparent and not "virtually impossible to know[,] which allegations of fact are intended to support which claim(s) for relief." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015). Upending EEOC's position too is that the SAC aptly served notice of Ms. Wright's claims. So, dismissal of the pleading with prejudice was a clear error of judgment. *See In re Rasbury*, 24 F.3d 159 (11th Cir. 1994) ("As we have stated previously, the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'") *Id.*, citing *United States v. Kelly,* 888 F.2d 732, 745 (11th Cir. 1989)

Like the court below, EEOC concedes that Ms. Wright's brief (which is based solely upon the record) sets forth the necessary allegations to support her action. (*See* Appellee's Brief at p. 12). Such self-confession also debunks Appellee's counterargument and supports Ms. Wright's case that it is possible for EEOC to know which allegations of fact are intended to support which claims for relief.

2

The court's acknowledgement, albeit qualified, that the second amended complaint was "reworded and reorganized" is a meaningful observation that undercuts EEOC's argument that certain background allegations in the SAC were not specifically included in the causes of action. And even if that were so it does not, under the circumstances, reduce the revised pleading to shotgun grade level.

Ms. Wright's two-count second amended complaint satisfies the requisite pleading standard rather than defies the legal sufficiency prescribed in *Bickerstaff Clay Products v. Harris County, Georgia*, 89 F.3d 1481 (11th Cir. 1996). There, this Court held that an eight-count complaint was a "typical shotgun pleading, [because] … some of the counts present[ed] more than one discrete claim for relief." Id. at 1485, n. 4. That is not the case here. Even where there arguably is some factual overlap between the allegations supporting each of the two causes for retaliation and due process violations, the contentions are discrete and clear. Each claim separately sets forth the factual allegations upon which Ms. Wright relies, and thereby satisfies Rules 8(a) and 10(b), Fed. R. Civ. P. Furthermore, EEOC's and the lower court's rigid view is antithetical to Rule 8(e), Fed. R. Civ. P., which expressly states: "Pleadings must be construed so as to do justice."

Overall, EEOC ignores that the pleading's causes of action are not unduly repetitive. They comply with Rule 8(a)(2) because they are separate from one another and stated with "sufficient clarity to enable the defendant to frame a

3

responsive pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). All considered, EEOC knows firsthand, "which allegations relate to the [separate] causes of action."[2] *Weinstein v. City of N. Bay Village*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013).

Before bringing a claim for a violation of Title VII in a district court, a federal employee must exhaust her administrative remedies with the EEOC. *See Shiver v. Chertoff,* 549 F.3d 1342, 1344 (11th Cir. 2008); *Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir. 1999). The purpose of this requirement is "to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Wade v. Sec'y of the Army,* 796 F.2d 1369, 1377 (11th Cir. 1986).

The EEOC has always possessed the information it needed, and Ms. Wright's second amended complaint reflects that source. Therefore, to penalize her would render meaningless the principle in Rule 12(e), Fed. R. Civ. P., and thereby unjustly allow EEOC to escape liability. The stringent and specific prerequisites to which Ms. Wright was subjected during the administrative process provided adequate advance notice to EEOC about the substance of her Title VII retaliation claim.

---

[2] With specific regard to Count II, the due process deprivation claim, the SAC consists of twenty-four paragraphs (Appendix Vol II, Tab 40, pp 303-305). Remarkably, however, the lower court held "Wright does not incorporate *any* factual allegations at all [there]." (Appendix Vol II, Tab 48, p. 456) (emphasis in original).

4

Like all federal employees, and pursuant to 29 C.F.R. § 1614.105(a)(1), it is irrefutable that to bring her claim of retaliatory discrimination Ms. Wright had to initiate contact with an agency EEO counselor within 45 days of the matter she alleged was discriminatory. It is undisputed that during the counseling period EEOC advised her of the EEO process and her rights and responsibilities, including that only claims raised in pre-complaint counseling or claims like or related to those raised in counseling may be alleged in a subsequent complaint. See, 29 C.F.R. § 1614.105(b)(1).

The controlling regulations also provide that if matters are unresolved during 30 days of the date the aggrieved person contacted an agency's EEO office, a counselor must issue a notice of final interview (NFI) and must inform the individual that a complaint must be filed within 15 days of receipt of the NFI. 29 C.F.R. § 1614.105(d). After a complaint is filed, the EEO counselor must submit a written report to the agency's EEO office concerning the issues discussed and the actions taken during counseling. 29 C.F.R. § 1614.105(c). Then, if filed, the agency must acknowledge, in writing, receipt of the complaint, the date on which the complaint was filed, and that the complainant has the right to appeal the agency's final action or dismissal of a complaint. 29 C.F.R. § 1614.106(e).

Pursuant to 29 C.F.R. § 1614.107, for any of these reasons an agency may dismiss a complaint and not accept it for investigation: (1) failure to state a claim, or

5

stating the same claim that is pending or has been decided by the agency or the EEOC; (2) failure to comply with the time limits; (3) filing a complaint on a matter that has not been brought to the attention of an EEO counselor and which is not like or related to the matters counseled; (4) filing a complaint which is the basis of a pending civil action, or which was the basis of a civil action already decided by a court; (5) where the complainant has already elected to pursue the matter through either the negotiated grievance procedure or in an appeal to the Merit Systems Protection Board; (6) where the matter is moot or merely alleges a proposal to take a personnel action, unless the complaint alleges the proposal or preliminary step is retaliatory; (7) where the complainant cannot be located; (8) where the complainant fails to respond to a request to provide relevant information; (9) where the complaint alleges dissatisfaction with the processing of a previously filed complaint; (10) where the complaint is part of a clear pattern of misuse of the EEO process for a purpose other than the prevention and elimination of employment discrimination.

Nowhere in any pleading to the district court or in this one has EEOC even suggested any grounds for administrative dismissal existed or, until now, that Ms. Wright's complaint is allegedly too confusing to address. This latest maneuver must be rejected.

Contrary to EEOC's contention (Appellee's Brief p.10), not only is Rule 10 Fed. R. Civ. P. satisfied (Ms. Wright's claims are itemized in numbered paragraphs

that are limited to a single set of circumstances), but the documents attached to the SAC were solely and exclusively prepared by EEOC, and the District Court wrongly disregarded such facts. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.", Rule 10(c), Fed. R. Civ. P. states. Therefore, to Ms. Wright's undeserved detriment, the District Court essentially disregarded that instruction in ruling that "Wright cites no support for the proposition that a plaintiff can rely on the attachments to her complaint to excuse the deficiencies in her pleading." (Appendix Vol II, Tab 48, p. 457). However, Rule 10(c) is explicit: the purpose of attachments to a pleading is unlimited. Id.

## II. EEOC's Reliance on Certain Decisions Weakens its Case.

Several cases upon which the EEOC relies support Ms. Wright. For example, Appellee begs this Court to follow *Jackson v. Bank of America,* 898 F.3d 1348, 1358 (2018), but as set forth in Ms. Wright's opening brief, that decision is unhelpful for EEOC. Similarly unfavorable for EEOC is *Kabbaj v. Obama*, 568 F. App'x 875, 879–80 (11th Cir. 2014). The case supports Ms. Wright. First, the district court in *Kabbaj* allowed the plaintiff to file a third amended complaint[3]. Second, "the complaint refer[red] to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct" – a flaw

---

[3] Without conceding any deficiency that would justify the lower court's dismissal of her case, Ms. Wright, at minimum, prays for an opportunity to amend as reasonable relief to cure dismissal.

7

that does not exist here; and lastly, there had been "repeated failure to cure deficiencies by amendments previously allowed."

In *Tran v. City of Holmes Beach*, 817 F. App'x 911, 915 (11th Cir. 2020) the court also allowed a third amended complaint, as was the case in *Doscher v. Holding*, 22-13184, 2023 WL 6060559 (11th Cir. Sept. 18, 2023). Whereas in *McDonough v. City of Homestead*, 771 F. App'x 952, 956 (11th Cir. 2019), the appellant was given only one chance to amend. Due to its failure to oppose motions to dismiss, the Court held the prior motions had placed the appellant on notice of pleading defects. But the procedural history here is unlike *McDonough* and cannot be read to support the affirmance of a dismissal of Ms. Wright's case with prejudice.

Finally, EEOC also improperly asks this Court to affirm the dismissal of the SAC grounded on arguments not raised below. *See Four Seasons Hotels v. Consorcio Barr SA,* 377 F.3d 1164, 1170 (11th Cir. 2004) ("we decline to address the merits of Consorcio's claim because the claim was not raised below"). EEOC's latest effort to inject new argument rests on the section of its brief entitled "Alternate Grounds for Affirmance." (EEOC Response p. 21). But EEOC has not met the criteria for presenting an issue not raised below:

> First, an appellate court will 'consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice.' Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level. Third, the

8

> rule does not bar consideration by the appellate court in the first instance 'where the interest of substantial justice is at stake.' Fourth, 'a federal appellate court is justified in resolving an issue not passed on below ... where the proper resolution is beyond any doubt.' Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern.

*Baumann v. Savers Federal Sav. & Loan Assoc.*, 934 F.2d 1506, 1512 (11th Cir. 1991), quoting *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360-61 (11th Cir. 1984). But EEOC has not met the requisite burden. Therefore, asking this Court to review arguments not raised below is inappropriate and should be rejected.

### III. CONCLUSION

Based upon the foregoing and her initial brief, Ms. Wright respectfully requests reversal of the April 17, 2023, District Court order in its entirety, or at minimum remand to the court below for her to file a third amended complaint and grant such other and further relief as the Court deems just and proper.

Dated: November 13, 2023.   Respectfully submitted

/s/ *Willan F. Joseph*
Willan Franklyn Joseph, LLC
*Attorney for Plaintiff-Appellant*
22 Lansdowne Ave
Lansdowne, PA 19050
Phone: (610) 259-8900

*Attorney for Appellant, Nitza Wright*

9

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 2252 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in Times New Roman 14-point font using MS Word.

                                                Respectfully submitted

                                                <u>/s/ *Willan F. Joseph*</u>
                                                Willan Franklyn Joseph, LLC
                                                *Attorney for Plaintiff-Appellant*
                                                22 Lansdowne Ave
                                                Lansdowne, PA 19050
                                                Phone: (610) 259-8900

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, 4 copies of the brief were dispatched for delivery to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit by third-party commercial carrier for overnight delivery at the following address:

> David J. Smith
> Clerk of Court
> U.S. Court of Appeals for the 11th Circuit
> 56 Forsyth St., N.W.
> Atlanta, Georgia 30303

On this same date, a copy of the brief was served on all counsel of record via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

> /s/ Willan Franklyn Joseph
> Willan Franklyn Joseph, LLC
> *Attorney for Plaintiff-Appellant*
> 22 Lansdowne Ave
> Lansdowne, PA 19050
> Phone: (610) 259-8900